UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARY ALDRIDGE, ET AL.                                    PLAINTIFFS

VS.                          CIVIL ACTION NO. 3:19CV868-TSL-RHW

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, ET AL.                                      DEFENDANTS

MEMORANDUM OPINION AND ORDER

    This cause is before the court on the motion of defendants
Mississippi Department of Corrections (MDOC), the State of
Mississippi, MDOC Interim Commissioner Tommy Taylor and Governor
Tate Reeves,[1] to dismiss pursuant to Rules 12(b)(1) and 12(b)(6)
of the Federal Rules of Civil Procedure.  Plaintiffs Mary
Aldridge, *et al.,* have responded in opposition to the motion.  The
court, having considered the memoranda of authorities, together
with attachments, submitted by the parties, concludes that
defendants' motion should be granted.

---

[1]   Plaintiffs sued the governor and the MDOC commissioner in
their official capacities only.  Tate Reeves was elected as
governor while this action was pending.  In addition, Hall
resigned her position and Tommy Taylor is currently interim
commissioner of MDOC.  Pursuant to Rule 25(d) of the Federal
Rules of Civil Procedure, Reeves and Taylor were automatically
substituted as defendants in place of former Governor Phil Bryant
and former Commissioner Hall.  See Fed. R. Civ. P. 25(a) ("(1)
When a public officer is a party to an action in his official
capacity and during its pendency dies, resigns, or otherwise
ceases to hold office, the action does not abate and his
successor is automatically substituted as a party…").

1

Plaintiffs, 890 current and former MDOC employees, have brought this action charging that the State violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, by failing to properly compensate them for actual and overtime hours worked in accordance with the FLSA's minimum wage and overtime compensation provisions[2] and by failing to maintain adequate records of their hours worked in violation of the FLSA's recordkeeping requirements.[3]  In addition to their federal FLSA claims, plaintiffs have purported to assert claims under state law for negligence, negligence *per se*, gross negligence, conversion, conspiracy to commit conversion, negligent and intentional infliction of emotional distress, reckless disregard of the rights and safety of the claimants and *res ipsa loquitur*, all based on the State's alleged violations of its obligations under the FLSA.[4] By their motion, defendants seek dismissal of plaintiffs' federal FLSA claims based on the State's sovereign immunity.  Defendants additionally contend that plaintiffs' state law claims are duplicative of their FLSA claims and therefore are preempted by the FLSA and are consequently also due to be dismissed.  These arguments are addressed below.

---

[2]    See 29 U.S.C. § 206 (establishing federal minimum wage): 29 U.S.C. § 207 (requiring compensation for overtime work "at a rate not less than one and one-half times the regular rate" of pay for time spent working in excess of forty hours per week).
[3]    See 29 U.S.C. § 211.

[4]    See infra pp. 7-11.

Preliminarily, the court notes that while defendants have purported to bring the present motion pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim upon which relief may be granted, the motion is properly considered, not under either of the cited rules, but rather pursuant to Rule 12(c). Given that defendants removed the case to this court and thereby waived any objection to the court's subject matter jurisdiction, Rule 12(b)(1) is not a proper basis for the motion.  See Meyers ex rel. Benzing v. Texas, 454 F.3d 503, 504 (5th Cir. 2006) (citing Lapides v. Bd. of Regents, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002)) (stating that "when a State removes to federal court a private state court suit based on a federal-law claim, it invokes federal jurisdiction and thus waives its unqualified right to object peremptorily to the federal district court's jurisdiction on the ground of state sovereignty immunity."). Moreover, since defendants have filed their answer, then, technically, Rule 12(c) applies, not Rule 12(b)(6) (though, as noted *infra*, the standards under both rules are the same).  See Fed. R. Civ. P. 12(b) (motion asserting failure to state a claim for relief "must be made before pleading if a responsive pleading is allowed").

Rule 12(c) states that parties may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not

to delay trial." Fed. R. Civ. P. 12(c).  Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted).  The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss.  Guidry v. Am. Pub. Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007).  To survive a motion to dismiss under Rule 12(b)(6), plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d. 868 (2009).

Plaintiffs' FLSA Claims

State sovereign immunity bars an individual from suing a state, whether in state or federal court, unless the state has unequivocally waived its immunity or Congress has clearly and validly abrogated the state's sovereign immunity.  See Perez v.

4

Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir. 2002).[5]

Sovereign immunity protects not only the state itself, but also

any state agency or entity that is deemed an "alter ego" or "arm"

of the state.  Id.  MDOC is considered an arm of the state.

Hubbard v. Miss. Dep't of Corr., No. 3:13CV140-TSL-JMR, 2013 WL

3229114, at *1 (S.D. Miss. June 25, 2013).  A state's sovereign

immunity also extends to state officials sued in their official

capacities since "a suit against a state official in his or her

official capacity is not a suit against the official but rather is

a suit against the official's office."  Will v. Michigan Dep't of

State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed.

2d 45 (1989).

---

[5]    Courts frequently refer to "sovereign immunity" as "Eleventh
Amendment immunity," but this is not always accurate; state
sovereign immunity is broader than that set forth in the Eleventh
Amendment, which describes a state's immunity from claims for
damages brought by private entities in federal courts.  Nelson v.
Univ. of Texas at Dallas, 535 F.3d 318, 320 n.2 (5th Cir. 2008)
(citing Alden v. Maine, 527 U.S. 706, 713, 119 S. Ct. 2240, 144
L. Ed. 2d 636 (1999)); Alden, 527 U.S. at 713, 722, 119 S. Ct.
2240 (noting that states' "immunity from suit is a fundamental
aspect of the sovereignty which the States enjoyed before the
ratification of the Constitution" and that "the sovereign
immunity of the States neither derives from, nor is limited by,
the terms of the Eleventh Amendment").  See also Nevada Dep't of
Human Res. v. Hibbs, 538 U.S. 721, 726, 123 S. Ct. 1972, 1976,
155 L. Ed. 2d 953 (2003) (explaining that "the Constitution does
not provide for federal jurisdiction over suits against
nonconsenting States."); Fed. Maritime Comm's v. South Carolina
State Ports Auth., 535 U.S. 743, 753, 122 S. Ct. 1864, 152 L. Ed.
2d 962 (2002) (stating that the Eleventh Amendment is but one
particular exemplification of sovereign immunity).

Congress did not validly abrogate states' sovereign immunity in enacting the FLSA.  See Alden v. Maine, 527 U.S. 706, 713, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999) (holding that the FLSA does not abrogate states' sovereign immunity).  Plaintiffs do not dispute this.  Moreover, while plaintiffs argue that the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. § 11-46-1, *et seq.*, waives the state's sovereign immunity as to their *state law tort claims*,[6] plaintiffs do not contend that the state has waived its immunity from liability for their claims brought *under the FLSA*.  In fact, plaintiffs' only argument with respect to their FLSA claims is that defendants, by removing the case to federal court, waived their Eleventh Amendment immunity from suit in federal court.  But defendants do not deny this.  Defendants' argument, instead, is based on their sovereign immunity from liability.

As the Fifth Circuit explained in Meyers ex rel. Benzing v. Texas, "state sovereign immunity consists of two separate and different kinds of immunity, immunity from suit and immunity from liability."  410 F.3d 236, 254 (5th Cir. 2005).  A state may waive or "relinquish its immunity from suit while retaining its immunity from liability, or vice versa."  Id. at 255.  When a

---

[6]   See Miss. Code Ann. § 11-46-5(1) (providing that "the immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment is hereby waived. . . .").

state removes a case to federal court, it voluntarily invokes the jurisdiction of the federal courts and waives its Eleventh Amendment immunity from suit in federal court. Id. (citing Lapides v. Bd. of Regents, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002)). However, a state's waiver of its Eleventh Amendment immunity by removing a suit to federal court does not by itself waive the state's general immunity from such a suit. Id. The removal, and waiver accomplished thereby, "does not affect or limit the State's ability to assert whatever rights, immunities or defenses are provided for by its own sovereign immunity law to defeat the claims against the State finally and on their merits in the federal courts." Meyers ex rel. Benzing v. Texas, 454 F.3d 503, 504 (5th Cir. 2006). "In sum, [the state] may assert its state sovereign immunity as defined by its own law as a defense against the plaintiffs' claims in the federal courts, but it may not use it to defeat federal jurisdiction or as a return ticket back to the state court system." Id.   See also Beaulieu v. Vermont, 807 F.3d 478, 485–88 (2d Cir. 2015) (holding that "where a state defendant has not waived its underlying state sovereign immunity, i.e., where it is arguably protected from private suit in its own courts as well as in federal fora, the state may avail itself of removal to the federal court without sacrificing this immunity, notwithstanding that by removing it gives up entitlement to Eleventh Amendment immunity from suit in a federal forum."). Defendants herein did

7

waive their immunity from suit by removing the case; but the State has not waived its immunity from liability as to claims under the FLSA.  The MTCA's waiver of immunity for certain tort claims is obviously not such a waiver, and plaintiffs have not identified, and the court has not found, any other provision of state law that contains such a waiver.  Accordingly, plaintiffs' FLSA claim will be dismissed.

        State Law Claims

    Defendants contend that plaintiffs' state law claims are duplicative of their FLSA claims and therefore should be dismissed as preempted by the FLSA.[7]  Citing <u>Wiatrek v. Flowers Foods, Inc.</u>, No. SA-17-CA-772-XR, 2018 WL 3040583 (W.D. Tex. June 16, 2018), plaintiffs implicitly acknowledge "state-law claims are preempted by the FLSA to the extent the state-law claim is predicated on an alleged violation of the FLSA."  <u>Id.</u> at *7.[8]

---

[7]    The court acknowledges that in accordance with 28 U.S.C. § 1367, it could decline to exercise supplemental jurisdiction over plaintiffs' state law claims.  However, since the preemption defense advanced by defendants would be decided under federal law, the court, in the exercise of its discretion, will exercise jurisdiction over these claims.  <u>See</u> <u>Phillips v. Hous. Auth. of the Birmingham Dist.</u>, No. 2:03-CV-00616-JEO, 2008 WL 11376583, at *5 n.4 (N.D. Ala. Oct. 21, 2008) (noting that "a preemption defense implicates federal interests that can weigh in favor of a discretionary exercise of supplemental jurisdiction.") (citing <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 727, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966)).

[8]    The district court in <u>Wiatrek v. Flowers Foods, Inc.</u>, acknowledged that "[t]he Fifth Circuit has yet to issue an

They deny, though, that their state law claims are based on alleged FLSA violations.  According to plaintiffs, their lawsuit "is centered around whether [their] time was being negligently administered in accordance with state law" and "focuses on whether the defendants were negligent in the administration, implementation, and dissemination of Plaintiffs' funds pursuant to the State's policies".  And they insist that their state law claims are separate and independent of their FLSA claims.  But this is an obvious mischaracterization of the complaint.

Contrary to plaintiffs' urging, none of their alleged state law claims can reasonably be said to be separate and independent of their claims under the FLSA.  Indeed, all of the allegations in support of their various putative state law claims focus entirely on defendants' alleged violation of requirements imposed by the FLSA; none of them relate to any alleged violation of state law.[9]  Plaintiffs point out in their response that they did

---

opinion that squarely addresses the preemption of state-law claims by the FLSA," No. SA-17-CA-772-XR, 2018 WL 3040583 (W.D. Tex. June 16, 2018).  The court observed that district courts in this circuit have held that such claims are preempted when those claims are based on alleged violations of the FLSA, but are not preempted when the state law claims are "wholly aside from or independent of the FLSA".  Id. (collecting cases).  The court finds the reasoning and holdings of these cases persuasive.

[9]    In support of their negligence/negligence per se/gross negligence claims, plaintiffs' amended complaint states:
      Defendants were negligent in the following
      particulars, including but not limited to:

(a) failing to meet all of the requisite standards and criteria for fair employment labor as promulgated by the [FLSA];

(b) failing to adequately, properly, sufficiently and correctly record, calculate and distribute to the plaintiffs certain earned actual time as promulgated by the FLSA;

(c) failing to adequately, properly, sufficiently and correctly record, calculate and distribute to the plaintiffs certain earned overtime as promulgated by the FLSA;

(d) failing to adequately, properly, sufficiently and correctly record, calculate and distribute to the plaintiffs certain earned compensation time as promulgated by the FLSA;

(e) failing to adequately, properly, sufficiently and correctly record, calculate and distribute to the plaintiffs other earned vested funds due and owed to Plaintiffs as promulgated
by the FLSA;

(f) failing to adequately, and properly maintain employment records in
compliance with the standards imposed under the FLSA;

(g) failing to abide by the laws of the United States of America

(h) failing to abide by the laws of the State of Mississippi; and

(i) other possible acts of negligence as will be more fully shown at trial.

Their negligent/intentional infliction of emotional distress claims are specifically grounded on defendants' "failure to maintain integrity in the recordation, calculation and dissemination (to these plaintiffs) certain actual time, overtime, compensation time" based on their hours worked. And their conversion claims are based on defendants' allegedly having retained monies that were due them in accordance with the FLSA. Plaintiffs charge "a reckless disregard for the rights and safety of the plaintiffs," but offer no factual allegations relating to anything other than defendants' alleged violation of the FLSA.

10

refer in various of the state law counts in the complaint to
defendants' "fail[ure] to abide by the laws of the State of
Mississippi."  This language is nothing more than surplusage.
There is no hint in the complaint, or for that matter, in
plaintiffs' response to defendants' motion, of any alleged
violation of any provision of state law.  In their response,
plaintiffs quote language from the Mississippi State Employee
Handbook which states that "[c]ompensatory leave is administered
in accordance with State law and in compliance with the Fair
Labor Standards Act and the regulations promulgated by the U. S.
Department of Labor…."  They submit that from this, i.e., the
fact that the State has admitted that employee compensation "is
administered in accordance with State law," it follows that their
complaint "successfully pleads and is centered around whether
their time was being negligently 'administered in accordance with
state law(.)'."  Yet plaintiffs do not allege that defendants
failed to compensate them "in accordance with State law," other
than to the extent that state law required the State to
compensate them in accordance *with the FLSA*.  For these reasons,
the court concludes that plaintiffs' state law claims are
preempted by the FLSA and will therefore be dismissed.[10]

---

[10]   Plaintiffs note that the court generally must give
plaintiffs at least one opportunity to amend before dismissing a
complaint for failure to state a claim on which relief can be
granted.  Plaintiffs argue that they should be given this
opportunity, yet they do not suggest how an amendment might

Based on the foregoing, it is ordered that defendants'
motion to dismiss is granted.

A separate judgment will be entered in accordance with Rule
58 of the Federal Rules of Civil Procedure.

SO ORDERED, this 24th day of March, 2020.


/s/Tom S. Lee_____
UNITED STATES DISTRICT JUDGE

---

change the fact that their claims are preempted.  It bears
repeating that plaintiffs have not claimed, and do not purport to
intend to claim, that defendants violated state law, other than
by failing to compensate them in accordance with the requirements
of the FLSA.  An amendment merely to allege, as plaintiffs
seemingly propose, that defendants compensated them in accordance
with state law, would accomplish nothing.